IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH O. BOGGI, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MEDICAL REVIEW AND | : | |
| ACCREDITING COUNCIL, *et al.*, | : | No. 08-4941 |
| Defendants. | : | |

## ORDER

**AND NOW**, this **26th** day of **January**, **2010**, upon consideration of the Motion to Dismiss by Defendant University of Medicine and Dentistry of New Jersey ("UMDNJ") and Plaintiff's response thereto, as well as Plaintiff's Motion in Support of Oral Argument in this Case and Plaintiff's Motion for Default Against Preceptor/Consultant it is hereby **ORDERED** that:

1. Defendant's motion to dismiss (Document No. 70) is **GRANTED**.[1]

2. Plaintiff's Motion in Support of an Oral Argument in this Case (Document No. 73) is **DENIED**, pursuant to Local Rule 7.1(f).

---

[1] The Court set forth the factual allegations underlying Boggi's claim in a Memorandum dated September 15, 2009 and will not repeat them here. Plaintiff claims that the Medical Review and Accrediting Council (MRAC) acted through UMDNJ to deny him medical retraining. Indeed, his Complaint and Amended Complaint repeatedly reference the alleged action of MRAC, with nary a word about his relationship with UMDNJ or its conduct toward him. Furthermore, an October 16, 2006 letter from Defendant Larry Downs, to which Plaintiff has referred, indicates that it was MRAC and not UMDNJ that evaluated Boggi and denied him the remediation plan he seeks. MRAC and the National Board of Medical Examiners (NBME) worked together to provide Boggi with competency training. Boggi cannot state a claim against UMDNJ by simply lumping it in with MRAC and NBME and assuming that they acted in concert. Ultimately, none of Boggi's filings show that UMDNJ did anything to affect his Maryland medical license. Indeed, it does not appear that Boggi had any relationship with UMDNJ at all. As for his Americans with Disabilities Act claim against UMDNJ, it is also dismissed for the reasons stated in this Court's September 15, 2009 Memorandum.

3. Plaintiff's Motion for Default Against Preceptor/Consultant (Document No. 74) is

 **DENIED.**[2]

4. The Clerk of Court is directed to close this case.

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

[2] The Court declines to enter default against an unnamed, unserved party. Additionally, this Court's decision to dismiss all claims against UMDNJ applies to any alleged agent of it.