**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

Case No. 10-1619

JOSEPH O. BOGGI, D.O.
Appellant,
v.

MEDICAL REVIEW AND ACCREDITING COUNCIL, LARRY DOWNS,
ESQUIRE, JOE SOKOLOWSKI, M.D., INSTITUTE FOR PHYSICAL
EDUCATION, ANDREA CICCONE, SCOTT MANEKER, M.D., NATIONAL
BOARD OF MEDICAL EXAMINERS, RICHARD HAWKINS, M.D., DONALD
MELNICK, M.D., UMDNJ, AND UNNAMED CONSULTANT
Appellees.

**BRIEF ON BEHALF OF APPELLEES,
THE UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY
AND THE UNNAMED CONSULTANT**

On appeal from Orders of the United States District Court for the Eastern District
of Pennsylvania, dated September 15, 2009 and January 26, 2010,
E.D. Pa. No. 08-4941.

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121

JOHN C. CONNELL, ESQUIRE
KERRI E. CHEWNING, ESQUIRE

Attorneys for Appellees,
    The University of Medicine and
    Dentistry of New Jersey and the
    Unnamed Consultant

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

COUNTER-STATEMENT OF THE ISSUES...........................................................1

COUNTER-STATEMENT OF THE CASE AND FACTS.........................................1

COUNTER-STATEMENT OF THE STANDARD OF REVIEW.............................5

ARGUMENT ......................................................................................................7

      A.    The District Court Properly Dismissed UMDNJ Because
            Appellant Never Alleged Any Facts to Suggest a Plausible Cause of Action. .......7

      B.    The District Court Properly Dismissed Plaintiff's Undefined
            Civil Rights Claim Against UMDNJ. ...............................................10

      C.    The District Court Properly Dismissed Plaintiff's ADA Claim..........................12

CONCLUSION ..................................................................................................15

## TABLE OF AUTHORITIES

### FEDERAL CASES

Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) ................................................................6

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) ................................................................6, 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)) (internal citations omitted ...........6

Biliski v. Red Clay Consolidated School District Board of Education,
    574 F.3d 214 (3d Cir. 2009)......................................................................10

Byers v. Intuit, Inc., 600 F.3d 286 (3d Cir. 2010).............................................................5

Caldwell v. CVS Corp., 443 F. Supp. 2d 654 (D.N.J. 2006)............................................7

Cleveland Board of Ed. v. Loudermill, 470 U.S. 532 (1985).........................................10

Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411 (3d Cir. 2000).........................12

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ..............................................6

Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel, 570 F.3d 520 (3d Cir. 2009) ...............5

Hedges v. Musco, 204 F.3d 109 (3d Cir. 2000)................................................................9

Kaucher v. County of Bucks, 455 F.3d 418 (3d Cir. 2006)............................................10

Lora-Pena v. F.B.I., 529 F.3d 503 (3d Cir. 2008).............................................................5

Olender v. Twp. of Bensalem, 32 F. Supp. 2d 775 (E.D. Pa. 1999) ...............................10

West v. Atkins, 487 U.S. 42 (1988) ...............................................................................10

Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)............................................5

### FEDERAL STATUTES

42 U.S.C. §12102 ..........................................................................................................13

42 U.S.C. §12131(2)......................................................................................................13

42 U.S.C. §1983 .................................................................................................. 1, 2, 10

## COUNTER-STATEMENT OF THE ISSUES

1.  Whether the District Court properly dismissed Plaintiff's claims pursuant to 42 U.S.C. §1983, which was presumably based upon a claim for due process violations, against The University of Medicine and Dentistry of New Jersey ("UMDNJ") when the Appellant's pleadings clearly admit that he had no interaction with UMDNJ?

Suggested answer: Yes.

2.  Whether the District Court properly dismissed Plaintiff's claims under the Americans with Disabilities Act with respect to UMDNJ, if such a claim was even asserted against UMDNJ, when the Appellant was not denied access to any services by UMDNJ because of his alleged disability and Appellant did not seek any accommodations from UMDNJ.

Suggested answer: Yes.

## COUNTER-STATEMENT OF THE CASE AND FACTS

UMDNJ has had no contact or involvement with the Appellant in this matter at any time.  Because UMDNJ was not involved with this Appellant during any of the operative times identified in the subject pleadings, and because UMDNJ was not served with process in this action for more than a year after it began, the following recitation of the case and facts was derived solely from the District Court Opinion and the docket of the trial court.

1

On or about October 16, 2008, Appellant Joseph O. Boggi, D.O. ("Appellant" or "Boggi") filed a Motion to proceed *in forma pauperis* with the Court. S.A. 5. Boggi's Motion was granted by the Court on October 22, 2008. S.A. 5. Although it presented various arguments and commentary, which do not clearly spell out a claim for relief, the initial Complaint apparently purported to assert claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA") against MRAC, Larry Downs, Esq., Joseph Sokolowski, Institute for Physician Education, Andrea Ciccone, Dr. Scott Manaker, Dr. Richard Hawkins and Dr. Donald Melnick. S.A. 13-34.

Although Appellant's Complaint readily admits that he never interacted with or entered into any contract with UMDNJ, Appellant also appeared to assert some undefined claim against UMDNJ, presumably to support his allegation of "state action" by the other Defendants. S.A. 14, 21. The purported "allegations" against UMDNJ in the original Complaint consisted of exactly <u>two references</u> to the entity which did not demonstrate any connection between Appellant and UMDNJ. S.A. 14, 21.

On July 1, 2009, MRAC and Downs filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). S.A. 7. On July 13, 2009, the Institute for Physician Education, Ciccone, Melnick, Hawkins, and Manaker also filed a Motion to

Dismiss pursuant to Rule 12(b)(6). S.A. 7. On August 7, 2009 Joseph Sokolowski filed a Motion to Dismiss pursuant to Rule 12(b)(6). S.A. 8.

On August 24, 2009, Appellant filed a document titled as an Amended Complaint. S.A. 35. The Amended Complaint reiterated claims against the named Defendants below. S.A. 35-43. In connection with the Amended Complaint, Appellant submitted a voluminous appendix which was never electronically filed with or by the District Court. S.A. 9.

Once again, the Amended Complaint attempted to implicate the interests of UMDNJ despite the admitted lack of any interaction between Appellant and UMDNJ. S.A. 36-37, 41. Although Plaintiff offers a detailed account of his testing experience, the references to UMDNJ in the pleadings are scant. In fact, in the course of more than thirty pages of pleadings, Appellant mentions UMDNJ in only three references and alludes to it one additional time. S.A. 14, 21, 36, 41. It appears that Appellant cites to UMDNJ for the first time in a failed attempt to establish that MRAC is a "state actor" because of its purported relationship with UMDNJ in <u>New Jersey</u> related to alleged testing and retraining of <u>New Jersey</u> <u>physicians</u>. S.A. 14.

Appellant alleges that MRAC failed to timely contact some unnamed person at UMDNJ to be involved in his testing as a "preceptor." S.A. 36-37, 41. Appellant goes on to allege that the "preceptor" does not exist. S.A. 41 ("To this

minute, I have not been told who [sic] the identity of this person.  I have decided this person <u>does not exist</u> until I find out otherwise.")(emphasis added).  Appellant also referred to a document which purported to demonstrate the relationship between UMDNJ and MRAC.  S.A. 14.  That document, a letter from MRAC to the Appellant, clearly spells out that MRAC is unable to provide him with retraining for his medical license.  Although it does mention UMDNJ, the letter does not establish any relationship between Appellant and UMDNJ and certainly does not demonstrate any obligation undertaken with respect to his evaluation and potential retraining.  S.A. 183.

At the time the Amended Complaint was filed, UMDNJ still had not been served with any notice of the ongoing suit.  S.A. 11.  Shortly after the Amended Complaint was filed, all three of the then-pending Motions to Dismiss were granted by Opinion and Order of the District Court dated September 15, 2009 ("9/15/09 Op.")  S.A. 44-65.

After the case had been pending for a full year, UMDNJ was first served with the Complaint through the United States Marshals Service on October 19, 2009.  S.A. 11.  On December 1, 2009, UMDNJ filed a Motion for an extension of time to respond to the Complaint.  S.A. 11.  UMDNJ's Motion for an extension of time was granted by Order of the Court entered on December 3, 2009.  S.A. 11.  UMDNJ filed its Motion to Dismiss on January 4, 2010.  S.A. 11.

4

Demonstrative of, and appropriate to, the insignificant role played by

UMDNJ, the District Court dismissed the claims against UMDNJ in a footnote in

an Order dated January 26, 2010.  S.A. 66-67.  This Appeal follows.

## COUNTER-STATEMENT OF THE STANDARD OF REVIEW

Plaintiff's Complaint was dismissed by the Court upon multiple motions to

dismiss.  This Court's "standard of review of the District Court's dismissal under

Rule 12(b)(6) is plenary."  Byers v. Intuit, Inc., 600 F.3d 286, 292 (3d Cir. 2010)

(quoting Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008)).  The Court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief."  Grammer v. John J. Kane

Reg'l Ctrs.-Glen Hazel, 570 F.3d 520, 523 (3d Cir. 2009).  Accordingly, the same

standard utilized by the trial court is applied and this Court's review is limited to

the "contents of the complaint and any attachments."  See Yarris v. County of

Delaware, 465 F.3d 129, 134 (3d Cir. 2006).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party, in

responding to a pleading, may file a Motion to raise the defense of "failure to state

a claim upon which relief can be granted."  Specifically,

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must
> contain a 'short and plain statement of the claim showing that the
> pleader is entitled to relief.' . . . [T]he pleading standard Rule 8
> announces does not require 'detailed factual allegations,' but it

5

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal citations omitted).  Thus, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

The evaluation of a Complaint requires a two-step process.  "First, the factual and legal elements of a claim should be separated [and the court] must accept all of the complaint's well-pleaded facts as true [and] disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).  Second, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."  Id. at 211 (internal quotations omitted).  If at the conclusion of this analysis the court can only infer "the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief," it should be dismissed.  Id. (internal quotations omitted).

Federal courts do provide *pro se* litigants some leeway in pleading their cases.  See, e.g., Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004)("Courts are to

construe complaints so as to do substantial justice, keeping in mind that *pro se*

complaints in particular should be construed liberally" (internal quotations

omitted)).  However, *pro se* complaints should nonetheless be dismissed where the

facts as alleged fail to set forth the basis of a plausible claim for relief.  See

Caldwell v. CVS Corp., 443 F. Supp. 2d 654, 658-58 (D.N.J. 2006) (granting the

defendant's motion to dismiss for failure to state a claim because the plaintiff's *pro*

*se* Complaint was "not factually supported and too vague" to state a claim upon

which relief could be granted).

This standard was properly applied by the District Court, and this Court

should affirm that finding upon its review of the record and allegations in this

matter.

## ARGUMENT

### A.     The District Court Properly Dismissed UMDNJ Because Appellant Never Alleged Any Facts to Suggest a Plausible Cause of Action.

The Complaint and Amended Complaint fail to establish any plausible cause

of action against UMDNJ and this failure is remarkable when considered in the

scope of UMDNJ's admitted non-participation in the underlying facts.[1]  The

pleadings in this case establish that Appellant's claims against UMDNJ are utterly

---

[1] In order to avoid unnecessary repetition, UMDNJ incorporates and relies upon the additional substantive arguments presented by the other Appellees in this matter.

baseless and even sanctionable in light of the acknowledged lack of contact or relationship between the Appellant and UMDNJ.

The only allegations in the pleadings related to UMDNJ arise from its purported "relationship" with MRAC within the State of New Jersey. [2]  S.A. 36-37, 41.  Even assuming for the purposes of this appeal that UMDNJ participates in some manner with retraining physicians in New Jersey, Plaintiff still fails to assert any facts to support a connection between UMDNJ's alleged role in evaluating and retraining physicians in New Jersey and the testing Plaintiff apparently underwent in Pennsylvania in an attempt to restore his Maryland medical license.  S.A. 14.

The pleadings are also remarkable for what they do not say about UMDNJ. Specifically, the Complaint and Amended Complaint do not allege any connection, contract or relationship between Plaintiff and UMDNJ.  Nor, in the course of the twenty-two page complaint and the nine page amended complaint, does the Appellant allege any interaction between him and UMDNJ or any "unnamed consultant."  As correctly acknowledged by the District Court, these facts do not establish any claim against UMDNJ.  S.A. 66.

---

[2] The pleadings allege only that the "primary defendant" MRAC, conducts testing and retraining for the State of New Jersey through UMDNJ.  Plaintiff does not allege that he was tested in New Jersey, that a New Jersey license was suspended, or even that he was ever licensed to practice in New Jersey.  Accordingly, UMDNJ's purported association with MRAC in New Jersey, if it even exists, is wholly irrelevant to this action and does nothing to establish that jurisdiction over UMDNJ or venue as it relates to UMDNJ are proper in this case.

None of these allegations set forth anything more than "naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 129 S. Ct. at 1949. In short, there is simply no causal nexus between UMDNJ and Appellant's lost Maryland medical license, the claimed failures in MRAC's testing or training procedures, or any of Appellant's purported injuries. "It is axiomatic that a § 1983 action, like its state tort analogs, employs the principle of proximate causation." <u>Hedges v. Musco</u>, 204 F.3d 109, 121 (3d Cir. 2000) (internal alterations and quotations omitted). "To establish the necessary causation, a plaintiff must demonstrate a plausible nexus or affirmative link between the defendant's action and the specific deprivation of constitutional rights at issue." <u>Id.</u> (internal alterations and quotations omitted).

There are no allegations whatsoever to establish any relationship between UMDNJ and the Appellant and there are no facts pled to establish any plausible basis for finding any proximate cause between Appellant's alleged "injuries" and UMDNJ. Accordingly, the District Court correctly dismissed Appellant's claims in a footnote in its January 26, 2010 Order and this Court should affirm that holding.

**B.     The District Court Properly Dismissed Plaintiff's Undefined Civil Rights Claim Against UMDNJ.**

Construing the pleadings liberally, it appears Appellant alleges a generic claim pursuant to 42 U.S.C. § 1983.  This claim fails on its merits and the District Court properly dismissed the claim as to UMDNJ.

Section 1983 is not a source of substantive rights, but serves as a vehicle for enforcement of rights secured by the Constitution or laws of the United States.  See Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  Therefore, "[t]o state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Olender v. Twp. of Bensalem, 32 F. Supp. 2d 775, 782 (E.D. Pa. 1999).

Appellant refers in the course of the pleadings to an alleged Due Process violation.  "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' "  Biliski v. Red Clay Consolidated School District Board of Education, 574 F.3d 214, 22 (3d Cir. 2009) (quoting Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542 (1985)).

The only potential "deprivation" that could be implicated by the Appellant's pleadings in this case is his medical license.  The Complaint and Amended

Complaint below do not allege any facts to support a contention that Appellant's interest in his medical license has been affected by any action taken, procedures utilized, or other involvement by UMDNJ.

As the District Court aptly observed, "[t]he State of Maryland, through the Board, is responsible for licensing doctors. Dr. Boggi cannot file a civil rights lawsuit seeking to reinstate his license against those not involved in the decision-making process regarding his ability to practice medicine." S.A. 62. UMDNJ was not involved in the decision to suspend Appellant's medical license, and by Appellant's own admission, UMDNJ was not involved in his evaluation or potential retraining to re-acquire that license. S.A. 41. Accordingly, there can be no plausible assertion of a procedural due process claim against UMDNJ and it was, therefore, properly dismissed by the District Court.

If Appellant intended to assert a substantive due process claim, that too fails. In order to obtain relief for a violation of substantive due process rights, "a plaintiff must make two showings. First, the plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies. . . . Second, the plaintiff must show that a governmental actor's behavior in depriving him of the interest in question was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."

<u>Desi's Pizza, Inc. v. City of Wilkes-Barre</u>, 321 F.3d 411, 426-27 (3d Cir. 2000)
(internal quotations omitted and emphasis added).

Appellant's pleadings below fail to allege a single fact to support an
assertion that he was deprived of any interest whatsoever as a result of actions
taken by or "behavior" on the part of UMDNJ.  Further, the pleadings certainly do
not establish any actions by UMDNJ which "shock the contemporary conscience."
Absent a showing that UMDNJ took such an action, the pleadings utterly fail to
establish any cause of action for a due process violation.

For all of these reasons, the District Court properly dismissed Plaintiff's
purported "due process" claim pursuant to §1983 as to UMDNJ and this Court
should affirm that determination.

### C.     <u>The District Court Properly Dismissed Plaintiff's ADA Claim.</u>

Although it appears that Appellant's pleadings assert a claim under the
Americans with Disabilities Act, it is unclear whether Appellant actually intended
to assert such a claim against UMDNJ.  However, even if the underlying pleadings
did assert such a claim, it fails on its merits and was properly dismissed.

Title II of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq.
provides that "no qualified individual with a disability shall, by reason of such
disability, be excluded from participation in or be denied the benefits of the
services, programs, or activities of a public entity, or be subjected to discrimination

12

by any such entity." 42 U.S.C. §12132. Section 12131(1) defines public entity as:

"(A) any State or local government; (B) any department, agency, special purpose

district, or other instrumentality of a State or States or local government; and (C)

the National Railroad Passenger Corporation, and any commuter authority." A

qualified individual with a disability is defined as

> an individual with a disability who, with or without reasonable
> modifications to rules, policies, or practices, the removal of
> architectural, communication, or transportation barriers, or the
> provision of auxiliary aids and services, meets the essential eligibility
> requirements for the receipt of services or the participation in
> programs or activities provided by a public entity.

42 U.S.C. §12131(2). An individual is described as having a disability under the

ADA when they have: "(A) a physical or mental impairment that substantially

limits one or more major life activities of such individual; (B) a record of such

impairment; or (C) being regarding as having such impairment." 42 U.S.C.

§12102.

The pleadings below do not allege any factual basis for a claim under the

ADA. As the District Court properly noted in its September 15, 2009 Opinion, the

Complaint lacks any allegations that Appellant was discriminated against in any

fashion <u>because</u> of his disability. S.A. 64. In fact, as observed by the District

Court, Appellant's Amended Complaint alleges that he "do[es] not need an

accommodation, [and] never asked for an accommodation." S.A. 64. This

admission forecloses Appellant's ADA claim even before consideration of the potential merits of such a claim.

The absurdity of the claim is even more apparent when considering Appellant's claims against UMDNJ.  Assuming only for the sake of the instant appeal that UMDNJ could be considered a covered entity for purposes of Title II, the pleadings do not allege any facts to support a claim that <u>UMDNJ</u> took any action to exclude Appellant from participation in any aspect of UMDNJ, to deny Plaintiff the benefits of UMDNJ's services, programs, or activities, or to otherwise discriminate against Plaintiff.  Nor does Appellant allege any facts to demonstrate what programs or benefits Appellant claims he was entitled to utilize.  Absent facts to establish the plausibility of such a claim, the ADA claim against UMDNJ was properly dismissed.

Indeed, the only facts asserted related to Plaintiff's ADA claim involve the problems he encountered with his testing and interaction with individuals involved in his testing.  S.A. 64.  The pleadings at issue do not relate any of those "problems" to UMDNJ.  For example, Plaintiff's Initial Complaint explicitly states that despite his ADHD, he was able to work fast enough to answer the questions on the multiple choice portion of his competency evaluation during the time allotted. S.A. 23-24.  As properly observed by the District Court, none of these claims relate in any way to Plaintiff's alleged disability.

The underlying pleadings do not make any factual allegations to support a claim that UMDNJ had any interaction with Appellant or excluded him from the benefit of any services.  Appellant's ADA claim fails in its entirety and, in light of the absolute dearth of information supporting such a claim against UMDNJ, the District Court's summary dismissal of this claim must be affirmed.

## CONCLUSION

For all of the reasons asserted herein, this Court should affirm the Orders of the District Court dismissing this action in its entirety as to UMDNJ and the unnamed consultant.

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendant
  The University of Medicine and
Dentistry of New Jersey


By:    /s/ Kerri E. Chewning
   JOHN C. CONNELL, ESQUIRE
   KERRI E. CHEWNING, ESQUIRE

Dated: July 19, 2010.

15

## COMBINED CERTIFICATIONS

Kerri E. Chewning hereby certifies as follows:

1.      I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

2.      This Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this Brief contains 3,360 words.

3.      This Brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font .

3.      On July 19, 2010, I caused an original and ten paper copies of this Brief to be sent to the Office of the Clerk.

4.      On July 19, 2010, I electronically filed this Brief with the Clerk's Office via the Court's electronic filing system and I further certify that this Brief that is identical to the hard copy of the Brief filed directly with the Court with the exception of the inclusion of an original signature.

5.      I further certify that a virus check was performed on the PDF file transmitted to the Clerk using Symantec Anti-Virus Corporate Edition, Version 10, and that said software confirmed that the E-Brief contained no viruses.

6.    On July 19, 2010 I caused two copies of the foregoing Brief to be

served upon the following individuals and counsel as indicated below:


<u>Via Electronic Filing and Regular Mail</u>
JOSEPH O. BOGGI
1207 Ballard Street
Silver Spring, MD 20910
*Pro se plaintiff*


<u>Via Electronic Filing</u>
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street
Suite 3310
Philadelphia, PA 19103


<u>Via Electronic Filing</u>
Joseph Goldberg, Esquire
Michael Pullano, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
2000 Market Street, 13th Floor
Philadelphia, PA 19103


_/s/ Kerri E. Chewning_
KERRI E. CHEWNING

5784777v1